## Small v. Paulk & Company.

Simmons, C. J.—The action being upon an open account, and the evidence offered in support of the same not being sufficient to authorize a finding for the plaintiff, there was no error in refusing to set aside a verdict for the defendants, upon a motion for a new trial the sole grounds of which were that the verdict was contrary to law and contrary to the evidence.      *Judgment affirmed.*

May 13, 1895. Brought forward from the last term.

Complaint. Before G. W. Warwick, judge *pro hac vice.* Irwin superior court. April term, 1894.

A. B. Small sued E. Paulk & Co., a firm composed of Elbert Paulk and E. D. Paulk, for a balance of $186.43 and interest, alleged to be due upon an account, an itemized statement of which was attached to the declaration. The jury found for the defendants, and plaintiffs moved for a new trial on the grounds that the verdict was contrary to law and evidence. The motion was overruled. The evidence is as follows:

W. P. Duncan testified: I was traveling salesman for plaintiff. I visited defendants' place of business during the time of the sales of goods embraced in the account sued on. I cannot say I sold all of the goods, but I did sell part of them. The account sued on is just, true, due and unpaid. I do not know that each or any of the items set out in the account sued on were shipped, only that I sold defendants the goods, about every two weeks, and they made payments to me and never complained. I always took their orders in a little memorandum book, and then transcribed them and sent to plaintiff in Macon. I frequently saw in defendants' place of business some goods I sold them. I only ar-

rive at the exact amount which I say is due, from a statement furnished to me by the book-keeper in Macon. I have not the book that I took the orders in, and do not now remember that any item embraced in the account sued was ordered through me. Do not know of my own knowledge that any part of the bill is due, or what has been paid to the house. I never did tell either of the defendants that they were entitled to a credit of $75 on the account sued on. At the last term of this court I was here as a witness in this case, after the suit was brought, and had conversation with them concerning the account; we were talking of a settlement of the account sued on, and they claimed that they were entitled to certain credits, either $75 or $47 or both, which should go on the account, and demanded an itemized statement of their account; and I promised to send it. I told the book-keeper to send it; do not know that he did or did not. I did not. They never disputed the account, but claimed that they were entitled to credits thereon. They did not admit that the account was just as sued on. The subject under discussion was the account sued on. This was long after the suit was filed.

The defendants introduced no evidence.

BUSBEE, CRUM & BUSBEE, for plaintiff.
MARTIN & WHIPPLE, for defendants.